IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LETICIA T. CASTELLANOS      *

      Plaintiff      *

    vs.      * CIVIL ACTION NO. MJG-17-3168

MARINER FINANCE, LLC      *

      Defendant      *

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## MEMORANDUM & ORDER RE: ARBITRATION

The Court has before it Defendant's Motion to Compel Arbitration and to Stay Action [ECF No. 7] and the materials related thereto. The Court has reviewed the materials provided by the parties and finds that a hearing is not needed.

As detailed herein, Defendant, Mariner Finance, LLC ("Mariner Finance") sued Plaintiff on a loan in small claims court, an action that was excluded from the parties' arbitration agreement. Plaintiff sued Mariner Finance in state circuit court alleging claims that are within the scope of the arbitration agreement. Defendant is entitled to enforce the arbitration agreement with regard to Plaintiff's claims and is not required to arbitrate the separate dispute pending in the small claims court.

I. BACKGROUND

The instant case relates to a loan made by Mariner Finance to Plaintiff Leticia T. Castellanos ("Castellanos") pursuant to a Note, Security Agreement & Arbitration Agreement ("the Agreement"). According to Mariner Finance's records, Castellanos failed to make the required monthly payments on the loan. In July 2017, Mariner Finance sought to recover the debt plus interest and late fees by asserting a collection action against Castellanos in the District Court of Maryland for Baltimore City.[1] Thereafter, Castellanos notified the small claims court of her intention to defend, stating that she would be filing a separate lawsuit involving other issues against Mariner Finance in state circuit court.

On October 10, 2017, Castellanos brought the instant action against Mariner Finance in the Circuit Court for Baltimore City, claiming common law fraud and violations of: the Maryland Credit Grantor Closed End Credit Provisions, Md. Code Ann., Com. Law § 12-1001 et seq.; Maryland's Consumer Debt Collection Practices Act, Md. Code Ann., Com. Law § 14-201 et seq.; Maryland's Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 et seq.; usury statute at Md. Code Ann., Com. Law § 12-1003(a); and

---

[1] Mariner Finance's small claims court action was not subject to arbitration under the Agreement. Agreement 2, Def.'s Mot., Ex. 1, ECF No. 7-2.

Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z. See Compl., ECF No. 2.

Mariner Finance timely removed the case to this Court, and by the instant motion, seeks the Court to compel Castellanos to arbitrate her claims pursuant to the Agreement.

II. LEGAL SETTING

The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." Id. (citations omitted). However, this liberal policy does not operate to compel arbitration of issues that do not fall within the scope of the parties' arbitration agreement.

Before compelling an unwilling party to arbitration, a court must "engage in a limited review to ensure that the dispute is arbitrable—i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." Murray v. United Food and Commercial Workers Int'l Union, 289 F.3d 297, 302 (4th Cir. 2002). A court must compel arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the

3

arbitration agreement." Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015), cert. denied, 136 S. Ct. 1656 (2016).

The party seeking to arbitrate must establish only two facts: "(1) [t]he making of the agreement and (2) the breach of the agreement to arbitrate." Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp., 656 F.2d 933, 939 (4th Cir. 1981). The Court must particularly "avoid reaching the merits of arbitrable issues." Id. (citing Drivers, Chauffeurs, etc. v. Akers Motor Lines, 582 F.2d 1336, 1342 (4th Cir. 1978)).

## III.  DISCUSSION

Castellanos does not dispute that there is a valid arbitration agreement or that her claims are within the scope of the Agreement's covered claims.[2] By filing the instant lawsuit against Mariner Finance, Castellanos has breached the arbitration agreement. However, Castellanos contends that

---

[2]  Covered claims include "any claim, dispute, or controversy (whether based upon contract, tort, intentional or otherwise, constitution, statute, common law, or equity and whether pre-existing, present or future), including initial claims, counterclaims, cross-claims and third party claims, arising from or relating to: this note, the loan evidenced by this note, any insurance, contract, or warranty purchased in connection with this note; whether the claim or dispute must be arbitrated; the validity and enforceability of this arbitration agreement and the note; the closing, servicing, collection, or enforcement of the note; or the relationships that result from this note." Agreement 2, ECF No. 7-2.

4

Mariner Finance waived its right to arbitrate by choosing to prosecute its collection action against Castellanos in the District Court of Maryland for Baltimore City.

Fourth Circuit precedent has consistently applied the FAA's "default" doctrine to cases involving potential waivers of arbitration agreements. See, e.g., Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 702 (4th Cir. 2012)(finding that the district court erred by not applying the FAA when the transaction including the arbitration agreement related to interstate commerce); Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 342 (4th Cir. 2009)("Under section 3 of the FAA, a party loses its right to a stay of court proceedings in order to arbitrate if it is 'in default in proceeding with such arbitration.'" quoting 9 U.S.C. § 3 (2006)).

Default resembles waiver, but "courts have limited the circumstances that can result in statutory default." Forrester, 553 F.3d at 342. Failing to assert arbitration as an affirmative defense, delay, or participation in litigation do not alone constitute default. Id. at 343. However, a party is in default when it "so substantially utilize[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." Maxum Founds. Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985). "[T]he amount of delay and the extent of the moving party's trial-oriented

5

activity are material factors" in assessing prejudice. Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc., 683 F.3d 577, 587 (4th Cir. 2012) (quoting MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001)).

Castellano contends that she does not have to show prejudice, relying on a recent decision by the Maryland Court of Appeals, Cain v. Midland Funding, LLC, 156 A.3d 807 (2017), in which the state court applied state waiver law to an arbitration agreement. However, the circumstances in Cain are not applicable here: in Cain, the motion to compel was filed in state court under the Maryland Uniform Arbitration Act. 156 A.3d at 811 n. 5 & 814 n. 10. Castellanos also cites Novic v. Midland Funding, LLC, --- F. Supp. 3d ----, 2017 WL 4222629 (D. Md. Sept. 21, 2017), which noted that the Cain decision, although not binding, reflects public policy. In Novic, the court found that the defendant had defaulted under federal law, having prejudiced the opposing party by pursuing litigation in state court. Id. at *6-7. Like Novic, the instant case is a federal case. Federal law requires a showing of actual prejudice, as evidenced by the amount of delay and the extent of the moving party's "trial-oriented activity." Rota-McLarty, 700 F.3d at 702.

Promptly after being served Castellanos' state-court Complaint, Mariner Finance removed the instant case to federal

6

court on October 27, 2017. Mariner Finance then immediately sought arbitration of the claims in the instant case. There has been no undue delay and no "trial-oriented activity" that would warrant a finding of prejudice. See Rota-McLarty, 700 F.3d at 703 (citing examples of cases with delays of several months as insufficient to demonstrate actual prejudice). Further, although Mariner Finance had filed its collection action against Castellanos in small claims court, such action was not subject to arbitration under the Agreement.[3]

Accordingly, Castellanos has failed to show prejudice, within the meaning of the FAA, by Mariner Finance's behavior either before or after Castellanos filed the instant lawsuit. Mariner Finance is not in default in proceeding with arbitration. Therefore, the instant motion to compel arbitration shall be granted.

IV. CONCLUSION

For the foregoing reasons,

    1. Defendant's Motion to Compel Arbitration and to Stay Action [ECF No. 7] is GRANTED.

---

[3] "You and we retain the right to seek relief in small claims court so long as the Claim is pending only in that court, the Claim is within the scope of the court's jurisdiction and the relief is sought on an individual basis." Agreement 2, ECF No. 7-2.

2. Plaintiff shall submit to arbitration pursuant to the terms and conditions of the Note, Security Agreement & Arbitration Agreement.

3. This case shall be STAYED until arbitration is concluded.

SO ORDERED, on Thursday, January 18, 2018.

/s/<br>
Marvin J. Garbis<br>
United States District Judge